## Case No. 7,468.

JONES v. HEATON.

[1 McLean, 317.] [1]

Circuit Court, D. Indiana. May Term, 1838.

Fletcher & Butler, for plaintiff.
Mr. Pettit, for defendant.

OPINION OF THE COURT. This action was brought on a bill of exchange drawn and accepted in Cincinnati. The defendant pleaded first, non assumpsit, secondly, payment, and thirdly, that the bill was not drawn and accepted in Cincinnati. The defendant also demurred to the second count in the declaration, on the ground that it does not allege the non-residence of the plaintiff. The plaintiff demurred to the third plea, and joined in the demurrer of the defendant to the second count. And the court held that the non-residence or citizenship being averred in the first count, and referred to in the second, is sufficient to give jurisdiction to the court, and the demurrer to the second count was overruled. And the court sustained the demurrer to the third plea, because the matter of that plea, if true, constituted no bar to the plaintiff's action. Whether the bill was drawn and accepted or not in Cincinnati, cannot defeat the plaintiff's right, though under some circumstances it may have some influence in the remedy, and the amount of damages to be recovered. The jury being sworn, the plaintiff's counsel offered the certificate under the seal of the notary to show that a demand was made when the note became due, and a regular protest entered for non payment. This was objected to by defendant's counsel, but it was admitted by the court as evidence. In the case of Nicholls v. Webb, 8 Wheat. [21 U. S.] 326, the supreme court say, that protests of foreign bills of exchange are admissible evidence of a demand upon the drawer, and this rests upon the usage of merchants and the universal convenience of mankind. And this usage being as general in case of inland bills of exchange or promissory notes, the reason for receiving the certificate under the notarial seal, as evidence of demand and protest for non payment, is as strong in one case as the other. But this was a bill drawn in Cincinnati and payable in this state, which brings it within the definition of a foreign bill of exchange, as given by the supreme court. Buckner v. Finley, 2 Pet. [27 U. S.] 586; Chit. Bills (Ed. 1839) 642; 12 Mod. 345; 2 Ral. 346; 10 Mod. 66; Phil. Ev. (Ed. 1839) 382, 1052, note 704. Verdict for the plaintiff, and judgment.

[1] [Reported by Hon. John McLean, Circuit Justice.]